IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY L. FUNK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ARNOLD SCHWARZENEGGER, ET AL.,<br><br>　　　　　Defendants. | No. 2:07-cv-02304-SPK |

### ORDER DISMISSING ACTION WITHOUT PREJUDICE

Plaintiff Tracy L. Funk is a state prisoner seeking substantial damages against a government entity or employees of a government entity for violations of civil rights. His application to proceed in forma pauperis has been granted.

Under 28 U.S.C. § 1915A, the Court must screen any complaint by a prisoner seeking redress from a government entity or employee of such an entity. The Court must dismiss any complaint or portion of a complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

Title 42 U.S.C. § 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). There is no futility or other exception to the statutory exhaustion requirement. Id. at 741 n.6.

Here, in both his amended complaint [Docket 5] and second amended complaint [Docket 15], Plaintiff admits that he has failed to file a grievance concerning the facts of the complaint. Although he states that he has not filed a grievance because "the Court ordered for me to file this as an amended complaint," this does not satisfy the requirement to exhaust administrative remedies. In the original complaint of this matter (it was Hudkins et al. v. Schwarzenegger, 02-cv-2233-LEW, prior to being severed and prior to leave to amend being granted ), the complaint stated that no grievance was filed "[b]ecause defendants have already proven by actions that they will not address this issue anywhere else but in Federal Court who have final say in this matter." Further, nowhere in Plaintiff's filings does it appear that administrative remedies have been exhausted. The complaint certainly concerns "prison conditions" as it alleges various violations relating to overcrowding and poor medical care.

If the Court concludes that a prisoner has not exhausted administrative remedies, "the proper remedy is dismissal of the claim without prejudice." McKinney v. Carey, 311 F.3d 1198, 1120 (9th Cir. 2002). See also Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("[a] prisoner's concession to non exhaustion is a valid ground for dismissal[.]"). Thus, this action will be dismissed without prejudice. Dismissal is intended to close the action and Judgment shall

2

issue.  See <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir.1997) (en banc) (indicating that the district count should make clear whether a dismissal without prejudice is intended to be a final order).  If Plaintiff decides to file a new action after exhaustion is complete, it will be a new action and should be accompanied by the filing fee or a properly completed application to proceed in forma pauperis.

      The action is DISMISSED without prejudice for failure to exhaust available administrative remedies.  Judgment to enter accordingly.

      IT IS SO ORDERED.

      DATED:  February 10, 2009.

_____
Samuel P. King
Senior United States District Judge

3